No. 2668.

J. W. MITTEN AND ROSALINE HAMILTON *v.* THE STATE.

1. PRACTICE—AMENDMENT—PLEA—JURISDICTION OF THE COUNTY COURT.
   —The certificate of the clerk of the district court to the transfer of the cause to the county court recited that the term of the district court was held in December, 1885, and that the indictment was presented in that court on the eighteenth day of December, 1886. The said indictment alleged that the offense—adultery—was committed on the first day of December, 1884. The defense moved to quash the certificate because illegal and insuf-

ficient, and filed a plea to the jurisdiction of the county court upon the ground that, if the certificate was correct, it showed that the indictment was presented more than two years after the commission of the offense, and that, therefore, the prosecution was barred by limitation. The motion and the plea were overruled upon the ground that the recital of 1886 in the certificate was a clerical error, and should have been 1885. *Held*, that the ruling was erroneous; the *proper practice* would have been to require the proper officer to amend the certificate. In default of such amendment the trial court should have sustained both the motion and the plea to the jurisdiction.

2. CHARGE OF THE COURT—ADULTERY, under the laws of this State, may be committed in either of two ways only; first, by the living together, and having carnal intercourse with each other of a man and woman, of whom either is married to some other person; or, second, by habitual carnal intercourse of such parties with each other without living together. The indictment in this case charging only the first mode of adultery, the trial court erred in charging the jury upon both modes of that offense.

3. SAME—FACT CASE.—The indictment charging the offense to have been committed in the first mode prescribed by the statute, and the evidence showing only that the offense was committed in the second mode, it does not support the conviction.

APPEAL from the District Court of Navarro. Tried below before the Hon. J. H. Rice, County Judge.

The appellants in this case were jointly tried and convicted upon an indictment charging them with adultery, on and before the first day of December, 1884. The penalty assessed was a fine of one hundred dollars against each of them.

The opinion discloses the substance of the indictment. The evidence established beyond dispute the existing marriage of the defendant Mitten with another female than the defendant Hamilton; and further, that, during the year 1884 he frequented the house of said Hamilton, and was often seen in situations indicating recent carnal intercourse with said Hamilton. The evidence, however, failed to disclose a living together of the said defendants.

The motion for a new trial raised the questions discussed in the opinion.

*Beale & Autry,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This trial in the county court was had upon an indictment transferred from the district court. In the county court, before entering upon the trial, defendants made a motion to quash the district clerk's certificate of transfer, and also pleaded to the jurisdiction of the county court, because the case was filed in said court upon an illegal and insufficient certificate of transfer. The certificate recites that the term of the district court was held in December, 1885, and that the indictment was presented on the eighteenth day of December, 1886, a year or more after the term of court commenced. It was further insisted that, if the certificate of the clerk as to the date of the presentment of the indictment was correct (to wit, eighteenth day of December, 1886), then, inasmuch as the indictment alleged the offense (adultery) to have been committed on and for one year prior to the first day of December, 1884, it was manifest that the crime, if any had been committed, was committed more than two years before the indictment was found, and consequently that the prosecution was barred by limitation of two years. (Code Crim. Proc., art. 200.) The motion and plea to the jurisdiction were overruled.

In certifying the bill of exceptions saved to his rulings, the county judge says that he, from an inspection of the record in the case, was satisfied that a clerical error was committed by the district clerk in writing 1886 for 1885. When, how and in what manner the county judge made the inspection of the record which satisfied him of the error, we are not informed. If there was an error, it should have been corrected or amended by the proper officer. (See McDonald v. The State, 7 Texas Ct. App., 113; Hasley v. The State, 14 Texas, Ct. App., 217; Donaldson v. The State, 15 Texas Ct. App., 26; Hawkins v. The State, 17 Texas Ct. App., 593.)

The rulings of the court were erroneous, and the motion and plea should have been sustained, in case the prosecution refused or declined to amend or substitute a valid certificate. (Brumby v. The State, 11 Texas Ct. App., 114.) Presuming, from the judge's certificate to the bill of exceptions, that the transfer certificate is a clerical error which can be corrected by taking the proper steps, and that this, perhaps, will be done with a view to another trial, we will notice some matters which may prove of vital importance in the future conduct of the case.

Adultery, under our statute (Penal Code, art. 333), may be committed in either of two modes:  1. By the living together and having carnal intercourse with each other of a man and a woman, of whom either is married to some other person; or, 2; by the habitual carnal intercourse of such parties with each other, *without living together*.    (Collom v. The State, 10 Texas Ct. App., 708.)

In the case in hand, it is charged by indictment that the defendants "did then and there unlawfully live together in adultery, having carnal intercourse with each other, and did then and there have habitual carnal intercourse with each other." The indictment is sufficient only in so far as it charges a living together and carnal intercourse.    It does not charge the second mode, or habitual carnal intercourse *without living together*, because it does not follow nor use the statutory words defining it, to wit, the words *"without living together."*    These words are essential to charge the second mode of committing the offense. (Willson's Crim. Forms, No. 214, p. 107.)    An indictment should follow and conform to the statute, and where other than statutory words are used, they must be equivalent to or of more extensive signification than the statutory words.    (Clark's Crim. Laws of Texas, 420, and note; Lantznester v. The State, 19 Texas Ct. App., 320; Kerry v. The State, 17 Texas Ct. App., 180; Tynes v. The State, 17 Texas Ct. App., 123.)

In his charge to the jury, the learned judge instructed them that they would find the defendants guilty if either of the two statutory modes was proven.    In this the instruction was erroneous, because there was no sufficient allegation as to the second mode of committing the offense—that is, by "habitual carnal intercourse without living together."    Instructions are erroneous which warrant the jury to convict on proof of acts not alleged in the indictment.    (Powell v. The State, 12 Texas Ct. App., 238; Randle v. The State, 12 Texas Ct. App., 250; Burns v. The State, 12 Texas Ct. App., 394.)

Again, upon the only valid offense charged in the indictment, viz., the unlawful living together and carnal intercourse, the evidence is wholly insufficient, and does not sustain the allegation nor the judgment of conviction.    There is no proof that the parties *"lived together;"* on the contrary, the proof was that they did not live together, and consequently there was a material

variance between the proofs and the allegations upon which the conviction was had.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*