Opinion delivered May 15, 1889.

| 27 | 635 |
| 28 | 300 |
| 27 | 635 |
| 34 | 419 |

No. 6244.

## W. C. BIRD *v.* THE STATE.

1. ADULTERY is an offense which, under the present law of this State, can be committed in but one of two ways: 1, by the parties (one or both being legally married to some other person) *living together* and having carnal intercourse with each other; and, 2, by the parties havii g habitual carnal intercourse with each other without living together. To convict under the first mode the proof must show a *living together* of the parties, but need show no more than a single act of carnal inter-

---

Opinion of the court.

---

course, but under the second mode the carnal intercourse must be shown to have been habitual.

2. SAME—TERM DEFINED—FACT CASE.—"Living together," though not defined by the code, means within the purview of the statute defining adultery, that the parties "dwell or reside together; abide together in the same habitation as a common or joint residing place." The conviction in this case is for adultery committed by the first mode, but the evidence, failing to show that the parties *lived together*, although it proves habitual intercourse, is insufficient to support the conviction.

APPEAL from the County Court of Wise.   Tried below before the Hon. W. H. Bullock, County Judge.

The indictment jointly impleaded the appellant and Ida Smith for adultery.   The appellant, being alone upon trial, was convicted, and his punishment assessed at a fine of one hundred dollars.

The testimony shows that the defendant rented a certain house in Decatur which for a time was occupied by his codefendant, Ida Smith; that he bought and paid for the furniture that was used in the said house, and that he bought and paid for supplies of groceries that were delivered at the said house.   When he rented the said house he represented that he was renting it for other parties and not for himself.   No witness testified that the defendant lived in the said house, but several testified that they had frequently seen him enter the house at night, and leave the next day, and on more than one occasion he was seen on the premises but partially dressed. Defendant was shown to be a married man, and that, until early in the year 1888, he lived with his family in Decatur, and that since he broke up house keeping, on the removal of his family to Fort Worth, he had boarded at the house of Mrs. Prigmore.

*Graham & McMurray,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   Two modes of committing the crimes of adultery and fornication are prescribed by the Penal Code of this State.   1.   By the parties *living together* and having carnal intercourse with each other.   2.   By the parties having *habitual* carnal intercourse with each other, *without living to-*

*gether.* (Penal Code, arts. 333–337.) The articles cited became law upon the adoption of the Revised Code, and they changed materially the statutes then in force, relating to said offenses, and the changes made rendered inapplicable some rules and principles announced in decisions made under the former statutes. (Collum v. The State, 10 Texas Ct. App., 708.)

In the case before us, the defendant stands convicted of adultery, committed in the first mode named in article 333, by *living together* with one Ida Smith, and having carnal intercourse with her. To support such conviction it was essential that the State should prove not only that the parties had carnal intercourse with each other, but also that they *lived together.* A "living together" is not defined by the code. These words are, therefore, "to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." (Penal Code, art. 10.) Guided by this rule of construction, we are of the opinion that the term "living together," as used in articles 333 and 337 of the Penal Code, means that the parties must dwell or reside together,— abide together in the same habitation as a common or joint residing place. This interpretation of the term is more restricted than has been given to it in decisions made under the former statutes. (Swancoat v. The State, 4 Texas Ct. App., 105; Parks v. The State, Id., 134.) But the former statutes prescribed but one mode of committing adultery, which was by the parties living together and cohabiting with each other. Carnal intercourse with each other, however frequent, did not constitute the crime unless the parties in some sort of way lived together. But as the law now is, *habitual* carnal intercourse, *without* living together, is adultery. It is plain to our minds, therefore, that in providing the two different modes of committing adultery, it was intended that the words "living together" should mean what we have above construed them to mean, and that, where the parties did not actually live, that is, dwell, reside together, they would still be guilty of adultery by having habitual carnal intercourse with each other. But, unless such intercourse was habitual, the parties not living together, adultery would not be committed; while, on the other hand, a single act of carnal intercourse, if the parties at the time lived together, would, under the law now in force, constitute the crime.

In this case, we do not think the evidence supports the conviction, in that it does not show that the parties *lived together* within the meaning of that term. If the defendant had been prosecuted for having habitual carnal intercourse with the woman, *without* living with her, the evidence would sustain a conviction, but he was not prosecuted or convicted for that kind of adultery, and we can not sustain his conviction for committing the crime in one mode, when the evidence shows that he did not commit it in that mode, although he may have committed it in the other mode.

With respect to the rulings and charge of the court we have found no error. Because the conviction is not supported by the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*