JORDAN THOMAS AND LOU MUCKLEROY v. THE STATE.

*No. 3311.    Decided December 7.*

**1.    Fornication** may be committed (both parties being unmarried) in one of two modes: 1. By living together and carnal intercourse with each other. 2. By habitual carnal intercourse with each other without living together.

**2.    Same—Terms Defined.**—"**Living Together** means that the parties dwell or reside together; abide together in the same habitation as a common or joint residing place." Mitten's Case, 24 Texas, Ct. App., 346, and Bird's Case, 27 Texas Ct. App., 635, approved.

**3.    Same—Fact Case.**—See the opinion for the substance of evidence *held* insufficient to support a conviction for fornication by *living together* in carnal intercourse.

APPEAL from the County Court of Smith.    Tried below before Hon. B. B. Beaird, County Judge.

The opinion discloses the case.    The penalty assessed against each of the defendants was a fine of fifty dollars.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellants were both convicted in the court below upon a joint indictment charging them with fornication, by living together and having carnal intercourse with each other.

As in adultery, so, under our statute, fornication may be committed in one of two modes: 1. By living together and having carnal intercourse with each other. 2. By habitual carnal intercourse with each other without living together. The only distinction between the two offenses being that the offense of adultery is where either of the parties is married, whilst in fornication both are unmarried. Penal Code, arts. 333, 337.

In construing the statute with regard to adultery, this court has had occasion to interpret the meaning of the term "living together," and the interpretation given was that "the parties must dwell or reside together; abide together in the same habitation as a common or joint residing place." Bird v. The State, 27 Texas Ct. App., 635; Mitten v. The State, 24 Texas Ct. App., 346.

The evidence showed that the defendant Thomas was a porter on the railroad passenger train from Mineola to Troupe; that he lived in Mineola, where he rented a room, kept his clothes, and had his washing done; that he boarded at a hotel in Mineola—that is, took his meals there—and paid a street tax at Mineola. He only staid in Troupe during the time his train laid over there, which was from 9:20 p. m. to 6 a. m. each night.

It is shown abundantly by the evidence, we think, that the parties had

"habitual carnal intercourse with each other without living together" at Troupe, and if such had been the charge against them in the indictment, it would have been fully sustained by the evidence. But the evidence is not sufficient to sustain the charge that the parties "lived together"—that is, resided and abided together in the same habitation at Troupe.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.