CASE 57—PETITION ORDINARY—JANUARY 12.

# Lee v. Smyser.

APPEAL FROM BULLITT CIRCUIT COURT.

1. A MISTAKE OF THE CLERK IN ISSUING AN ATTACHMENT for a greater amount than was shown by the plaintiff's affidavit to be due, did not render the attachment void, and, the court having sustained the attachment for the correct amount before the defendant, who was a non-resident constructively summoned, appeared in the case, and moved to quash the attachment, the court properly overruled his motion.

2. ATTACHMENT AGAINST DEFENDANT CONSTRUCTIVELY SUMMONED.— The provision of the Code forbidding an order for the sale of real property seized under attachment against one who has been only constructively summoned, until there has been an affidavit filed to the effect that he has no personal property in this State subject to the payment of the debt, applies only to a final order of sale, and does not require such an affidavit in order to authorize an order declaring that the plaintiff has a lien on the defendant's interest in certain real estate by reason of the levy of the attachment.

CHARLES CARROLL FOR APPELLANT.

1. The court should have quashed the attachment because it was issued for a larger amount than that stated in the affidavit. (Civil Code, sec. 199; Hickman v. Gist, Sneed, 297; Reed v. Bank of Ky., 5 Blackf. 277; Lehman v. Bransford, 12 Southern Rep.; Noe & Lawless v. Conyers, 6 J. J. M., 514; Davie v. Long's Adm'r, 4 Bush, 574; L. & N. R. Co. v. Smith's Adm'r, 87 Ky., 501.)

2. The judgment of Nov., 1892, is in effect a judgment decreeing the sale of the attached land, and the affidavit required by section 230 of the Code not having been filed, the judgment was premature and erroneous.

FAIRLEIGH & STRAUS for appellee.

1. No order of sale was entered and therefore it was not necessary to file the affidavit provided for in section 230 of the Civil Code of Practice.
2. The only effect which the insertion of an excessive amount in an order of attachment can have is to render the attachment void as to the excess. (Kleine, &c., v. Nie, &c., 89 Ky., 542; Todd & Lindsey v. McClanahan's heirs, 1 J. J. M., 355; Merrill v. Hansley, 2 Litt., 277.)

JUDGE GRACE delivered the opinion of the court.

This is an appeal by John A. Lee, who was defendant in the court below, in the suit of J. L. Smyser against him in the Bullitt Circuit Court from an order of said court in refusing to quash the attachment issued by the clerk of said court in said action, and is made upon the ground that said attachment, which issued for four thousand seven hundred dollars, was for a greater amount by eighty-one dollars and eighty-four cents than was then due upon plaintiff's debt, as stated by him in his affidavit, or rather than the amount ascertained by calculation from the data given by plaintiff of his debt in his affidavit; said affidavit stating that the amount due him and which he believed he ought to recover of defendant was the sum of three thousand nine hundred and ninety dollars and sixty-four cents, with interest on same from the 14th day of December, 1889, to that date, which was July 28, 1892.

It appears from the record in this cause that plaintiff's suit, with attachment, was filed in the Bullitt Circuit Court July 28, 1892, with warning order made against the defendant Lee to the November term of

court 1892, and that at that term of court and before the entry of the appearance in person by defendant, the court made an order sustaining said attachment for the sum of three thousand nine hundred and ninety dollars and sixty-four cents (the amount named in plaintiff's attachment), with interest from the 14th of December, 1889 (the time named in said attachment), thus of its own motion correcting any error that may have been made by the clerk in the amount for which this attachment was issued. The said defendant not appearing and entering his motion to quash said attachment until the following spring term of said court, we think the court below ruled correctly. It thereby said that a creditor who had a valid debt unpaid and who was proceeding against a non-resident defendant, and whose proceedings were in all other respects valid, should not have his debt imperiled, or rather should not lose his lien secured on the property of his debtor simply by an error of the clerk (a ministerial officer of the court) in making a calculation of the amount due plaintiff under his affidavit. This excess of the amount named in the attachment was by no fault, error or misconduct of the plaintiff, but only an error of an officer of the court; and this too had been corrected by an order of the court at a previous term of said court to the time of making the motion by defendant to correct same. We think the case is widely different from those cases cited by appellant where the property of the debtor had been sold by the creditor on final execution and for a greater amount than was actually due at the time of the sale. In the latter case the prop-

erty of the debtor would be wrongfully taken.    Under the record in this case it can not be done.

Again, appellant complains of the ruling of the court below in entering an order at its fall term of court sustaining the attachment (though for the correct amount), and in declaring that said creditor had a lien by reason of said attachment and the levy of same on an undivided third of certain real estate named in said levy, and complains that this order was made by the court before the filing by plaintiff in said court of the affidavit required by the Code in such cases that defendant had no personal estate subject to the payment of said debt.

On this question we think the court below also ruled correctly.    It will be observed that the order made by court (before recited) was not the final order of sale of the defendant's property, and it is only the final judgment or order of sale of the realty of a non-resident, that by the Code is forbidden before the filing of the affidavit that defendant has no personal estate; but in this case and in the order complained of, the court refused to make this order of sale, but declared by same that it appearing to the court that the interest owned by defendant was only an undivided third interest in the land levied on, the other owners should first be made parties before the sale would be ordered, and thus the case stands on the record.

The judgment of the court on both motions of appellant should be affirmed, and appellees are adjudged their cost on this appeal.