## M. E. SHAW v. THE STATE.

### No. 3471. Decided February 21, 1906.

**1.—Adultery—Living Together—Charge Refused.**

Upon a trial for adultery there was no error in refusing a special charge to the effect that to constitute this offense the parties must have lived together as man and wife. It is only necessary that they live together and have carnal intercourse.

**2.—Same—Misdemeanor—Special Charge.**

In misdemeanor cases the court should either give or refuse the charge asked, there is no error to refuse to give an incorrect requested instruction in misdemeanors.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of adultery; penalty, a fine of $100.

The facts of this case will be found in Coons v. State, 49 Texas Crim. Rep.

The opinion states the case.

*Pete Arnold,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for adultery; and is a companion case to that of Coons v. State, decided at the present term. The charge is that appellant and Coons were committing adultery "by living together." A special charge was requested to the effect that in order to constitute this offense as charged, "the parties must live together as man and wife," which was refused by the court. It is not necessary that the parties should "live together as man and wife" in order to constitute adultery under this phase of the statute. Bird v. State, 27 Texas Crim. App., 635; Massey v. State, 3 Texas Ct. Rep., 598. It is only necessary that they live together and have intercourse; it need not be such a living together as man and wife. This being a misdemeanor, the court should either give or refuse the charge as asked; and in order to get the question properly before this court, such charge must be asked. It is not error for the trial court to refuse to give an incorrect requested instruction in misdemeanors.

The remaining questions are the same in this as in Coons v. State, recently decided. There being no error in the record, the judgment is affirmed.

*Affirmed.*