## SAM COBB v. THE STATE.

### No. 3402.   Decided May 15, 1907.

**1.—Rudely Displaying Pistol—Indictment—Carrying Pistol—Variance.**

Where the indictment charged defendant with rudely displaying a pistol in a public place, and the transcript from the district court to the county court showed that defendant was charged with carrying a pistol, the variance was fatal.

**2.—Same—Transcript From District to County Court—Seal of Clerk—Jurisdiction.**

Where the transcript from the district court to the county court, transferring a case of misdemeanor to the latter court had no seal of the district clerk attached thereto, such seal was necessary, and could not be affixed to the papers by the district clerk after the same was filed in the county court, and the latter had no jurisdiction.

Appeal from the County Court of Fayette. Tried below before the Hon. Geo. Willrich.

Appeal from a conviction of unlawfully and rudely displaying a pistol; penalty, a fine of $25.

The opinion states the case.

*Brown & Lane,* for appellant.—Donaldson v. State, 15 Texas Crim. App., 25; Chambers v. Chapman, 32 Texas, 570; Brumley v. State, 11 Texas Crim. App., 114; Rev. Stat., art. 1122; Hale v. Gee, 29 S. W. Rep., 44; Turner v. State, 18 S. W. Rep., 96; McKinney v. State, 55 S. W. Rep., 337.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of rudely displaying a pistol, and his punishment assessed at a fine of $25.

Appellant filed a motion to quash the indictment in this case; first, because it does not appear from the face of the indictment, or otherwise, that it was properly transferred from the District Court of Fayette County, to the county court of said county, and, therefore, the County Court of Fayette County had no jurisdiction over said cause; second, because there is no certified transcript of the proceedings in the district court, filed in this cause as required by law; third, that the seal of the district clerk was not affixed to the certificate transferring said cause from the district court to the county court; fourth, that what purports to be the transcript of said cause is not under the seal of the district court, therefore, the county court had no jurisdiction. The indictment, as stated above, which appellant was prosecuted under, was for rudely displaying a pistol in a public place, same being a deadly weapon. The transcript shows in this case, as contained in this record, the defendant was charged with carrying a pistol. We furthermore note the fact that there is no seal upon the transcript. These errors vitiate the transcript, and the court should have sustained the motion to qaush same. The fact of putting the seal upon the papers by the district clerk after same were filed in the county court was unauthorized. See Rev. Civ. Stats. of Texas, art. 1122; Turner v. State, 18 S. W. Rep., 96; Hale v. Gee, 29 S. W. Rep., 44; Brumley v. State, 11 Texas Crim. App., 114; Walker v. State, 7 Texas Crim. App., 52.

For the error of the court in refusing to quash the indictment, and the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*