## STATE V. HENRY CLIFTON.

No. A-2.    Opinion Filed April 6, 1909.

(100 Pac. 1124.)

1.    **JURISDICTION—Transfer of Cases—Procedure.** The provisions of section 1, art. 2, c. 16, p. 210, Sess. Laws 1907-08, providing for the transfer of cases from the district court to the county court, must be substantially complied with to give the county court jurisdiction in the cause transferred. Upon a cause being improperly transferred, the record of such transfer cannot be cured by filing additional proper certificates of transfer after the county court has sustained a motion dismissing the case and discharging the defendant for want of jurisdiction by reason of such improper transfer.

2.    **SAME.** When an indictment for misdemeanor is presented in the district court, it is the duty of the district court to transfer the same to the proper inferior court, by complying with the provisions of section 1, art. 2, c. 16, p. 210, Sess. Laws 1907-08. After such transfer the district court has lost all jurisdiction of the case.

(Syllabus by the Court.)

*Error from Coal County Court; R. H. Wells, Judge.*

Henry Clifton was indicted for unlawful sale of liquors. From an order of dismissal, the state brings error. Affirmed.

The defendant, Henry Clifton (who will be hereinafter referred to as the "accused"), was indicted by the grand jury of Coal county at the March, 1908, term of the district court of said county, charging him with bartering, selling, and furnishing to one Taylor Altman intoxicating liquor to wit, whisky, on the ——— day of December, 1907, and said indictment was duly returned into said district court on April 2, 1908. On the 11th day of April, 1908, the district court made an order transferring the case to the county court of Coal county, for the reason as stated in the order. On the 28th day of May, 1908, the indictment in this case was filed in the county court of said county, and said indictment was accompanied by a printed slip or copy of the following order:

"State of Oklahoma, County of Coal—ss.: State of Oklahoma v. Henry Clifton. No. 12. An indictment for selling whisky. And it appearing that said cause is a misdemeanor, and that this court has no jurisdiction to try the same, it is therefore ordered said cause be and the same is hereby transferred to the county court of Coal county, state of Oklahoma. A. T. West, District Judge."

Upon this order the following indorsement appears:

"Transferred as per the foregoing order. 4—11—08. H. A. Davis, District Clerk. Geo. E. Jahn. Filed May 28, 1908. R. H. Wells, County Judge, by Sallie Bruce, Clerk."

On the 6th day of August, 1908, accused filed a challenge to the panel of the grand jury, which was by the court overruled. On the 12th day of August, 1908, accused filed a plea to the jurisdiction of the court, attacking the transfer of the case from the district court to the county court, and on the same day said plea was sustained by the court, and this case was dismissed for want of jurisdiction, to which ruling the state by its attorneys duly excepted. After the plea to the jurisdiction of the court had been sustained, the court permitted the district clerk to file certain papers showing transfer of this case and ordered the clerk of the court to file such papers and date the filing thereof as of July 8, 1908; but said papers were no part of the record in the case at the time the court passed upon the plea of the accused to the jurisdiction of the county court. Thereafter the county attorney of Coal county gave notice of appeal to the Supreme Court of this state, said notice being served on the accused as provided by law; and this case was pending in the Supreme Court of this state at the creation of this court, when it was duly transferred by said Supreme Court to this court. On the 27th day of November, 1908, the defendant in error filed a motion to dismiss this action, for the following reasons: (1) Because said appeal is not upon a judgment for the defendant, to quash or set aside the indictment or information; (2) because said appeal is not upon an order of the court arresting the judgment in said cause; (3) because said appeal is not upon a question reserved by the state of Oklahoma. The plaintiff in error

prosecutes error herein to reverse the judgment of said county court dismissing this action for want of jurisdiction.

*F. S. Caldwell, C. S. Wortman,* and *J. I. Howard,* for the state.

*Cutler & Trice,* for defendant in error.—On sufficiency of transfer of cause: *Mitten v. State,* (Tex.) 6 S. W. 196; *Austin v. State,* (Tex.) 40 S. W. 725; *Johnson v. State* (Tex.) 79 S. W. 27; *Cobb v. State,* (Tex.) 102 S. W. 1151.

BAKER, JUDGE. (after stating the facts as above). The motion of the defendant in error to dismiss the appeal herein will first receive our attention. It is urged that this motion to dismiss should be allowed, because said appeal is not on a judgment for the accused in quashing or setting aside an indictment or information, that said appeal is not upon an order of the court arresting the judgment in said case, and because said appeal is not upon a question reserved to the state of Oklahoma. We think this appeal is authorized under the third subdivision of section 5608, Wilson's Rev. & Ann. St. 1903, and therefore said motion is not well taken, and the same is overruled.

The principal proposition in this case is the question: Did the county court err in sustaining the motion of the accused below, which resulted in his discharge, for the reason that said county court had no jurisdiction to try the accused under the indictment presented in the district court and filed in the county court. The accused, in support of said motion, contended that inasmuch as the indictment in this case was found and returned into the district court of said county, as authorized by section 1, art. 2, c. 16, p. 210, Session Laws 1907-08, the county court had no jurisdiction unless said district court transferred said case to the county court. Section 2, art. 2, c. 16, p. 210, Sess. Laws 1907-08, reads as follows:

"It shall be the duty of the clerk of the district court, without delay, to deliver the indictment in all cases transferred, together with all the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer; and he shall accompany each case with a certified copy of all the proceed-

ings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court, and the said costs shall be collected in the court in which said cause is tried, in the same manner as other costs are collected in criminal cases."

Section 3 of said article and chapter reads as follows:

"All cases transferred from the district court shall be entered on the docket of the court to which they are transferred and all process thereon shall be issued, and the defendant tried in the same manner as if the cause had originated in the court to which they have been transferred."

Was this case transferred from the district court to the county court in compliance with said statute? If so, then the county court had jurisdiction. If not, said motion to dismiss and discharge the prisoner was properly allowed.

Section 183, p. 48, of Bunn's Constitution of this state, provides:

"The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases in which justices of the peace have no jurisdiction."

Section 190, p. 50, Bunn's Constitution of this state, provides:

"Justices of the peace shall have concurrent jurisdiction with the county court in all misdemeanor cases in which the punishment does not exceed a fine of two hundred dollars or imprisonment in the county jail for not exceeding thirty days, or both such fine and imprisonment."

Section 1, art. 1, c. 27, p. 284, Sess. Laws 1907-08, provides:

"County courts, in their respective counties, shall have such jurisdiction and exercise such powers as have been conferred upon them by the Constitution of this state, and shall have such other jurisdiction and powers as are herein conferred or may be conferred by law."

Under the Constitution and laws of this state there can be no doubt that the illegal selling of whisky, as charged in the indictment in this case, is a misdemeanor, specifically defined by section 1, art. 3, c. 69, p. 603, Sess. Laws 1907-08, commonly known as the "Billups Bill, Senate Bill No. 61." This question has been settled by the Supreme Court of this state in the case of *Ex parte*

*Cain,* 20 Okla. 125, 93 Pac. 974. The opinion in said case, being written by Chief Justice Williams, and unanimously concurred in by all the justices, conclusively holds that the county courts have general jurisdiction to hear and determine cases involving the violation of said provisions of the Constitution and statutes wherein the sale of whisky is made in any county in this state in violation of law.

The plaintiff in error contends that a certificate of transfer in the following form is sufficient:

"State of Oklahoma, County of Coal—ss.: In the District Court, County and State Aforesaid. State of Oklahoma v. Henry Clifton. Numbered 12. An indictment for selling whisky. And it appearing that cause is a misdemeanor, and that this court has no jurisdiction to try the same. It is therefore ordered that said cause be, and the same is hereby, transferred to the county court of Coal county, state of Oklahoma. A. T. West, District Judge. Transferred as per the foregoing order. 4—11—08, H. A. Davis, District Clerk. Geo. E. Jahn." Indorsed: "Filed May 28, 1908. R. H. Wells, Co. Judge, by Sallie Bruce, Clerk."

It is conceded that the order of transfer just quoted was, at the time of the filing of the motion to dismiss for want of jurisdiction by reason of the alleged improper transfer of this case to the county court, the only order of transfer, and the only certificate is the alleged certificate reading as above: "Transferred as per the foregoing order. 4—11—08, on file in said county court. [Signed] H. A. Davis, District Clerk. Geo. E. Jahn." It appears from the record that, after the motion to dismiss for want of jurisdiction by the court had been by the county court sustained, said court permitted the district clerk to file certain papers showing transfer of this case, and ordered the clerk of the court to file such papers and date the filing thereof as of July 8, 1908, which last-named date ante-dated the action of the court in sustaining said motion. It is true that section 2, art. 2, c. 16, p. 210, Sess. Laws 1907-08, above quoted does not prescribe a proper form of transfer, but it does direct that the clerk of the district court shall, without delay, deliver to the proper court, the indictment, together

2 Cr.—13

with all the papers relating to each case, and he shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued. The defendant in error contends that there was not such compliance with the law providing for transfer of indictments in misdemeanor cases to the county court as would give the county court jurisdiction in this case. The second, third, fourth, fifth, and sixth grounds urged in said motion of the accused are not, in the opinion of this court, well taken, and therefore each and all are overruled. This then leaves but the first ground of said motion, which reads as follows: "The said court has no jurisdiction to try defendant under the indictment presented and filed in the county court of Coal county, Okla."

The state of Texas has a statute practically the same as said section 2, art. 2, c. 16, p. 210, above quoted, and its courts have been called upon to construe said section. In the case of *Austin v. State,* 38 Tex. Cr. R. 8, 40 S. W. 724, tried by the Court of Criminal Appeals of Texas, Judge Davidson, writing for the court, said:

"Appellant was tried and convicted of inclosing a large tract of land, being a part of the unappropriated public domain, without having leased the same from the state. The indictment was presented in the district court on March 13, 1893, and said district court adjourned on the 18th of the same month. The record of the presentment was duly entered upon the minutes of the court. So far as this record discloses, this was the only order made by the district court in reference to this case. On the 21st day of November, 1893, the clerk of the district court of Coke county sent to the county court a transcript of the orders made in the district court with reference to the indictment herein. He certifies to the correctness of said transcript, and we find the only order entered in said district court was as stated above. When the case was called for trial in the county court, appellant filed a plea to the jurisdiction, because there had been no order entered in the district court transferring the indictment from that court to the county court. It was further urged as a plea to the jurisdiction that the itemized bill of costs did not accompany the transcript of the orders, as required by the statute. By article 473 of the Code of Criminal Procedure of 1895, it is made the duty of the clerk

of the district court, without delay, to deliver indictments in cases transferred from said district court to the inferior courts, as directed by the order of transfer made in the district court, and to accompany each case with a certified copy of all the proceedings taken therein in the district court, and also that the bill of costs accruing in the district court shall accompany the same. Without the order of transfer having been entered by the district court, the clerk has no authority to transfer indictments from the district courts to the inferior courts. The law has not vested in him such authority, and, without the order of such transfer by the district court, the inferior court can acquire no jurisdiction, because the indictments could not be filed therein. It is also made the duty of the clerk to include in the transcript a bill of the costs that have accrued in the case up to and including the fees of the transcript. Because the transcript made out by the district clerk and filed in the county court does not contain an order of transfer from the district court to said county court, the plea to the jurisdiction should have been sustained. Because it was not done, this judgment is reversed and the cause remanded."

In *Cobb v. State,* 51 Tex. Cr. 464, 102 S. W. 1151, syl. 2, the Court of Criminal Appeals of Texas held:

"On a transfer of a criminal case from the district court to the county court, the transcript was vitiated where no seal was attached thereto, and the affixing of the seal after the papers were filed in the county court was unauthorized."

See cases in point 14 Cent. Dig. § 202.

In *Johnson v. State* (Tex. Cr. App.) 79 S. W. 27, the same court holds:

"A prosecution based on an indictment returned by the grand jury in the district court should have been dismissed by the county court on motion made before defendant announced 'Ready for trial,' where no order of transfer from the district to the county court appeared in the record."

See, also, *Mitten v. State,* 24 Tex. App. 346, 6 S. W. 196, stating above doctrine.

This court thinks, and so holds, that the certificate of attempted transfer, consisting of a printed slip, as shown by the record in this case, was not a proper certificate, and did not properly transfer this case from the district court to the county court, and therefore

the county court had no jurisdiction to hear and determine the same.

The next question to be considered is: Did the papers filed under date of July 8th, after the motion to dismiss for want of jurisdiction had been granted by the county court, cure the record and give the county court jurisdiction? This court, in the case of *Ex parte Wade, ante,* p. 100, 100 Pac. 35, in an opinion written by Presiding Judge Furman, holds:

"When a grand jury returns into a district court an indictment for a misdemeanor the district court is without power to issue a warrant for the arrest of the defendant upon such indictment. The power of the district court is limited to make an order directing the transfer of such case to the court having jurisdiction. * * *"

The district court, after making the order of transfer, had spent its jurisdiction and could do nothing more in the case. This court feels that this is a proper time to encourage the clerks of both the district and county courts, and the county attorneys, to carefully consider the statutes with respect to the transfer of cases from the district to the county courts, and to comply with the requirements of the same. This decision contains our first impressions in regard to the propositions involved herein, and, while it is based upon the law as we see it, is not free from the desire of this court to instill in the minds of the proper officers a wholesome regard for the statutes referred to and the necessity for a more careful compliance with the provisions thereof. The alleged certificate of transfer filed in the county court was, in our opinion, insufficient to give said court jurisdiction in this case and the motion to discharge the accused for want of jurisdiction in said court was properly allowed, and no error was thereby committed.

Therefore the judgment of the court below is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.