ANDY YALTZ v. STATE.

No. A-21.    Opinion Filed September 25, 1909.

(103 Pac. 1104.)

1.  **JURISDICTION—Misdemeanors—Courts—Transfer of Cause.** The county court acquires no jurisdiction of a misdemeanor case transferred from the district court where the indictment and order of transfer are not accompanied by a certified copy of the proceedings taken therein in the district court.

2.  **SAME—Transcript—Certification.** An indorsement by the district clerk on the order transferring the case in the following language: "Transferred as per the foregoing order"—is not a sufficient certified copy of the proceedings had in the district court.

3.  **COURTS—Records—"Filing"—What Constitutes.** A paper is said to be filed when it is delivered to the proper officer. and by him received, to be kept on file.

4.  **SAME—Transfer of Cause—Filing Papers.** Papers are not delivered to the county court as required in section 2, art. 2, c. 16,

p. 210, Sess. Laws 1907-08, when they are by the district clerk attached to papers on file in the county court, but not called to the attention of the judge or his clerk, and not received by them.

(Syllabus by the Court.)

*Error from Coal County Court, Sitting at Coalgate; R. H. Wells, Judge.*

The plaintiff in error here, and defendant below, was indicted by the grand jury in the district court of Coal county, on the 4th day of April, 1908, on a charge of selling and furnishing intoxicating liquors. On the 11th day of April, 1908, on a motion of the county attorney, the district court made an order transferring the case to the county court of Coal county.

On the 13th of August, 1908, the defendant was tried in the county court of Coal county; was convicted, and sentenced to pay a fine of $50.00 and to imprisonment for thirty days in the county jail. The case is regularly before this court on appeal.

Reversed and remanded.

*Rooshe & Brunson* and *Ralls Bros. & Randolph,* for plaintiff in error, citing: *Cobb v. State,* 51 Tex. Cr. 464; *Austin v. State,* 40 S. W. 724; *State v. Marrey,* 64 Pac. 764; *Johnson v. State,* 79 S. W. 27.

*Fred S. Caldwell,* Counsel to the Governor, for the State.

OWEN, JUDGE. At the threshold of this case we are met with a plea to the jurisdiction. The defendant filed a plea to the jurisdiction of the county court on the grounds that the case was not properly transferred from the district court to the county court, and therefore the county court had no jurisdiction to try him on the charge in the indictment.

It appears from the record that the district court, on motion of county attorney, made the following order:

"State of Oklahoma, Coal County.—ss.: In the district court and county and state aforesaid. The State of Oklahoma v. Andy Yaltz, No. 41, an indictment for selling whisky, and it appearing that said cause is a misdemeanor, and that this court has no jurisdiction to try the same, it is therefore ordered, that said case shall,

and the same is hereby transferred to the county court of Coal County, State of Oklahoma. . [Signed] A. T. West, District Judge. Transferred as per the foregoing order, 4-11-1908. H. A. Davis, District Clerk, George E. Jahn, Deputy."

This order, together with the indorsements made by the deputy clerk, was filed May 28th with the county court and indorsed, "No. 130, filed May 28th, 1908, R. H. Wells, Co. Judge, by Sallie Bruce, Clerk."

Section 1, c. 16, art. 2, p. 210, Sess. Laws 1907-08, provides for the transfer of misdemeanors from the district court to such inferior courts as may have jurisdiction.

Section 2 of the same act provides:

"It shall be the duty of the clerk of the district court, without delay, to deliver the indictments in all cases transferred, together with all of the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer; and he shall accompany each case with a certified copy of all the proceedings taken therein in the district court," etc.

This court in the case of *State v. Clifton*, 2 Okla. Cr. 189, 100 Pac. 1124, held a certificate, made by the same clerk, in exactly the language of the certificate here, was not a compliance with the section above quoted, and for that reason the county court did not acquire jurisdiction to hear and determine the case.

We deem it unnecessary to cite the authorities quoted and · cited in the opinion as reported in that case. We deem it sufficient to say that the decision in that case is approved here.

In the record also appears this statement:

"Subsequent to the filing of the bench warrant and indictment, together with the order of transfer with certificate thereto, as above, the following papers were attached by the district clerk to the indictment and bench warrant, and same was attempted to be filed in the county court, to wit:"

Then follows what purports to be certified copies of the orders of the court impaneling the grand jury, receiving the indictment, and transferring the cause to the county court. Counsel for the state in this case insists that this cures the failure of the clerk to make proper certificate at the time the indictment was delivered to the county court. With this contention we cannot agree. The

statute quoted is capable of only one construction, and that is that the district clerk shall accompany each case with a certified copy of all the proceedings taken therein in the district court. The indictment, together with this certified copy, must be delivered by the district clerk to the court as directed in the order of transfer. It appears from the record in this case that subsequent to the filing of the indictment, together with the order of transfer, the district clerk attached what purports to be a certified copy. But there is nothing in the record to the effect that this certified copy was delivered to the county court, or was filed with the clerk of the county court. When the indictment and order of transfer were properly filed with the county court, the district clerk lost control of them. They were no longer in his official custody. His going to the office of the county court and attaching papers to the papers he had lost control of was not a proper filing under this statute.

A paper is said to be filed when it is delivered to the proper officer, and by him received, to be kept on file. *Beebe v. Morrell,* 76 Mich. 114, 42 N. W. 1119, 15 Am. St. Rep. 288; *Phillips v. Beene's Adm'r,* 38 Ala. 248.

In the last-named case the court held that a claim was not filed when it was placed by the attorney of the claimants in the box appropriated to such papers in the probate judge's office without the knowledge of the probate judge or his clerk, and was not called to the attention of either of them.

So far as this record discloses, the purported certificates attached by the district clerk to the indictment and order of transfer were never called to the attention of the county court or his clerk. There is no contention in this case that the same were in fact filed, but the statement is "that, subsequent to the filing of the indictment together with the order of transfer * * * the following papers were attached by the district clerk to the indictment. * * * and same was *attempted* to be filed in the county court."

The case of *Cobb v. State,* 51 Tex. Cr. R. 464, 102 S. W. 1151, was very similar to the one under consideration. It was a misdemeanor transferred from the district court to the county court under a statute almost identical with our statute. The dis-

trict clerk failed to attach the seal to his certificate transmitted with the order transferring the case, and, after the papers were filed with the county court, he attached the seal. The court held that the putting the seal upon the papers by the district clerk after the same were filed in the county court was unauthorized.

For the failure of the district clerk to deliver to the county court the proper certificate as to the proceedings taken in the dis-' trict court, the county court acquired no jurisdiction to try the case.

The judgment is therefore reversed, and the case is remanded. FURMAN, Presiding Judge, and DOYLE, Judge, concur.