## GEORGE HENDRIX v. STATE.

No. A-153. Opinion Filed February 6, 1911.

(113 Pac. 544.)

1. **COURTS—Transfer of Causes—Procedure—Incomplete Transcript —Return.** (a) In order for the county court to acquire jurisdiction over causes presented by indictment in the district court, they must be properly transferred from the district court to the county court.

(b) The transcript sent down should show all the orders of the district court, properly certified under seal by the clerk of the district court; and the county judge, upon receiving an incomplete transcript from the district court, purporting to transfer any cause, should, before filing the same, return it to the district court for proper completion.

 (c) Failing to do this and proceeding to trial on a record which fails to disclose jurisdictional facts is reversible error when the question is properly raised.

2. **SAME—Transfer of Indictment—Insufficiency—Procedure.** The county court should have set aside the indictment and ordered a prosecution against the appellant by information.

(Syllabus by the Court.)

*Appeal from Okfuskee County Court; T. T. Doyle, Judge.*

George Hendrix was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

*Crump, Rogers & Harris,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The indictment upon which this prosecution is based, upon its face indicates that it was returned in the district court of Okfuskee county, Okla., at the March term, in the year 1908. The record nowhere discloses any order had in the district court upon the indictment, does not show that it was even filed in the district court, and there is no order transferring the same to the county court. In fact, there is no way of determining from the record how the indictment happened to be in the county court of Okfuskee county. There are no indorsements of any kind, except the names of the state's witnesses, and nothing to indicate the authenticity of the indictment.

On the 1st day of June, 1908, the defendant, before being arraigned, filed a motion to set aside the indictment, which motion was on the same day overruled by the court, the defendant saving exception. On the same day the appellant filed a demurrer to the indictment, which was overruled, the appellant saving exception. In both the motion to set aside the indictment, and the demurrer, the question of the improper transfer of the indictment, its sufficiency and authenticity, were raised.

There are other assignments of error, but we do not deem it necessary to consider them as they are not likely to arise again on a retrial of this cause, and are questions that have heretofore been determined by this court.

The question of transferring indictments from the district court to the county court has been considered by this court in the case of *State v. Henry Clifton*, 2 Okla. Cr. 189, 100 Pac. 1124; *Yaltz v. State*, 3 Okla. Cr. 20, 103 Pac. 1104. The court held in those cases that the provisions of section 1, art. 2, c. 16, p. 210, Sess. Laws 1907-08, providing for the transfer of cases from the district court to the county court must be complied with in order to give the county court jurisdiction of the case transferred.

The clerk of the district court should have transferred this indictment, together with a copy of all the orders made by the district court, including the order transferring the same, together with a bill of costs accruing in the district court, properly certified under seal, to the county court of Okfuskee county. The county attorney should have seen to it that these orders were properly made and that this case was properly transferred. The county judge could have returned the papers in the case to the clerk of the district court for proper completion before filing them, and this should have been done. It was error in the county court of Okfuskee county to proceed with the trial of this cause after those questions were properly raised by the appellant. The motion to set aside the indictment should have been sustained, and the county attorney directed to proceed against the appellant by information. The county court of Okfuskee county never acquired jurisdiction in this case. *Johnson v. State*, 96 Ky. 369, 79 S. W. 27; *Mitten v. State*, 24 Tex. App. 346, 6 S. W. 196; *Yaltz v. State*, 3 Okla. Cr. 20, 103 Pac. 1104.

The judgment is reversed and the cause remanded, with directions to the court below to set aside the indictment and instruct the county attorney to proceed against the appellant by information if the facts warrant a further prosecution.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.