## J. R. WILSON v. STATE.

No. A-341.  Opinion Filed April 18, 1911.

(114 Pac. 1126.)

1. **TRANSFER OF CAUSES—Transfer of Misdemeanors to County Court.** When an indictment for a misdemeanor is returned by a grand jury to the district court, it is necessary for an order to be made by that court transferring the cause, together with all orders and papers in the case to the county court; and the district court has no authority to make any other order in such cases.

2. **SAME—Jurisdiction.** When no order is made by the district court transferring indictments for misdemeanors to the county court as provided by law, the county court does not acquire jurisdiction to try such cause; and when the record on appeal fails to disclose such an order, the cause will be reversed, and a new trial awarded by this court.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

J. R. Wilson was convicted of an illegal sale of liquor, and appeals.  Reversed and remanded.

*Gilbert & Bond* and *E. E. Morris,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

ARMSTRONG, Judge.   The record in this case shows that an indictment was filed by the grand jury against the plaintiff in error in the district court of Stephens county on the 29th day of October, 1908, charging him with selling intoxicating liquors, and on the same date a warrant for the apprehension of plaintiff in error was issued out of said court, and his bond fixed at $500, and, further, that on the 2d day of November, 1908, the indictment was filed in the county court of Stephens county but by whom and on what authority is not shown. On the 21st day of November, 1909, the warrant theretofore issued out of the district court was filed in the county court.

The record nowhere discloses an order from the district court transferring the cause as the law provides, and no explanation of how this cause got into the county court appears.   On the authority of the case of *Hendrix v. State, ante,* 113 Pac. 544, decided by this court at the January term, wherein these questions are fully discussed, the opinion having been filed on February 6, 1911, this cause is reversed, and remanded to the county court of Stephens county, with instructions to proceed with it as the law in such cases demands.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.