## Roy Hay v. The State.

**Fornication—Living Together—Variance.**

   Where, upon trial of fornication, the complaint and information charged defendant with having lived together and had carnal intercourse with the alleged female, the State was bound by said allegation, and the proof must sustain it; and where the evidence was not sufficient and there was an entire absence of testimony that the parties were living together the conviction cannot be sustained.

Appeal from the County Court of Tom Green. Tried below before the Honorable J. T. Mathison.

Appeal from a conviction of fornication; penalty, a fine of $50.

The opinoin states the case.

*W. A. Anderson,* and *Taylor & McNutt,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for fornication; punishment, fine of $50.

The complaint and information charges appellant with having "lived together" and had carnal intercourse with Grace Holloway. The State having elected to charge this method only of committing the alleged offense, is bound thereby, and the proof must sustain the charge or the conviction must fall. Fornication may be committed in one of two ways; 1. By living together and carnal intercourse with each other. 2. By habitual carnal intercourse with each other without living together. Article 494, P. C.; Thomas v. State, 28 Texas Crim. App., 300, 12 S. W. Rep., 1098. "Living together" means that the parties dwell or reside together in the same habitation as a common or joint residing place. Thomas v. State, *supra;* Mitten v. State, 24 Texas Crim. App., 346, 6 S. W. Rep., 196; Bird v. State, 27 Texas Crim. App., 365, 11 S. W. Rep., 641.

Does the proof meet the requirement of the Law? Grace Holloway was an unmarried woman. About midnight appellant was seen to go into her house. A few minutes later two officers found him undressed in her bed. She was also in her night clothes. When the officers entered the house she said, "This has been going on four years." Appellant's car had been seen at her house on several occasions, and he had also been seen there several times. No effort appears to have been made to show they occupied the house as a "common or joint residing place." Grace Holloway testified, but the extent of her evidence was to admit that she had known appellant four or five years

and that he was in her room at the time in question. Admitting the truth of the State's entire testimony there is a total absence of any proof that the parties were "living together." Improper relations may have existed between them for four years, and still they may have never "lived together" as the law contemplates that term. The conviction under the allegations in the information is not supported by the facts.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*

[Place under November, 1922.  REPORTER.]