WALTER STOREY v. THE STATE.

No. 7657.    Decided April 18, 1923.

**Fornication—Insufficiency of the Evidence—Rule Stated.**

One act of sexual intercourse does not constitute living together in contemplation of our statute upon adultery and fornication, and where such was the state of facts in the instant case, the judgment must be reversed and the cause remanded. Following Cordway v. State, 34 Texas Crim. Rep., 418, and other cases.

Appeal from the County Court of Kaufman. Tried below before the Hon. W. P. Williams.

Appeal from a conviction of fornication; penalty, a fine of fifty dollars.

The opinion states the case.

*Gentry & Gentry* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon information charging that appellant in Kaufman County "unlawfully lived together" and had carnal intercourse with one Billy Riggs, he was convicted of fornication and his punishment assessed at a fine of fifty dollars.

On the night of November 1, 1922, appellant went to the hotel of Fred Adams in Forney in company with Billy Riggs whom he introduced as his wife. He reported that their automobile had broken

down.  He procured a room and the two occupied it that night.
Billy Riggs testified that she and appellant left Tyler together and
on their way to Dallas; had car trouble and stayed all night in
Forney, occupying the same room; that appellant had intercourse
with her during the night.  Her testimony is that this is the only
time they ever stayed in Kaufman county, and that so far as she
knew it was the only time appellant had ever been in the .county.
There is no evidence from any source indicating that appellant was
ever in the county by himself or in company with Billy Riggs other
than this time.

The state concedes the evidence is insufficient to support the con-
viction.  It is not necessary to discuss or review the authorities at
length.  They are to the effect that one act of intercourse does not
constitute ''living together'' in contemplation of our statutes upon
adultery and fornication.  See Swancoat v. State, 4 Texas Cr. App.
105; Parks v. State, 4 Tex. Cr. App. 134; Thomas v. State, 12 S.
W. Rep. 1098; McCabe and Cordway v. State, 34 Tex. Cr. Rep.,
418, 30 S. W. Rep., 1063.

Appellant's conduct was reprehensible, and naturally was resented
by Adams and his wife as an imposition upon them, but he was not
guilty of fornication under the statute.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*