## A. C. FLOWERS v. STATE.

No. A-4727. Opinion Filed March 7, 1925.
Rehearing Denied April 11, 1925.
(234 Pac. 652.)

(Syllabus.)

1. **Jurisdiction—Order of District Court Transferring Indictment to County Court Sufficient to Give Latter Jurisdiction.** Since the consolidation of the office of clerk of the district court and clerk

of the county court (section 5955, Compiled Stats. 1921), it is not essential that a certified transcript, as provided by section 2354, Compiled Stats. 1921, be made in order to transfer an indictment from the district court. The order of the district court, duly made, transferring such cause, will be sufficient to give the county court jurisdiction.

2.    **Intoxicating Liquors—Unlawful Possession—Conviction Sustained.** Record and evidence examined, and found to sustain the sentence and judgment.

Appeal from County Court, Stephens County; Eugene Rice, Judge.

A. C. Flowers was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

Bond & Morris, and Orbie W. Johnson, for plaintiff in error.

EDWARDS, J. An indictment was returned by the grand jury of Stephens county charging the plaintiff in error with unlawful possession of whisky. The district court made an order transferring the case to the county court, and it was there tried. The jury returned its verdict, finding the plaintiff in error guilty and fixing his punishment. In the brief of plaintiff in error it is contended that the case was never legally transferred from the district court to the county court. It is further contended that the search of a house belonging to plaintiff in error without a search warrant was an unlawful search, and that the evidence was not sufficient to sustain the verdict.

The first assignment advanced by the plaintiff in error, that the court clerk did not certify the record and proceedings from the district court to the county court, and that the county court therefore did not acquire jurisdiction, has been before this court several times. The cases of State v. Clifton, 2 Okla. Cr. 189, 120 P. 1124, Yaltz v. State, 3 Okla. Cr. 20, 103' P. 1104, and

Hendrix v. State, 5 Okla. Cr. 25, 113 P. 544, fully sustain the contention made. However, those decisions were rendered at a time when the clerk of the county court and the clerk of the district court were separate offices, and the functions performed by different officers. As the clerk of the county court had the custody of the records and papers in that court, it was then necessary that a cause transferred to that court from the district court should be accompanied by the papers, records, and documents pertaining to such cause; and in order that authenticity should not be questioned it was also necessary that they should be properly certified, and a certified transcript of the proceedings had in the court from which the case was transferred should accompany them.

In 1915, however, the office of clerk of the district court, clerk of the county court, and clerk of the superior court, in any county in which there was a superior court, were consolidated. The officer taking the place of the various clerks enumerated was to be designated and known as "court clerk," to perform all the duties provided by law for the various clerks of courts above set out. Section 5955, Compiled Stats. 1921. When that law became operative, the records, files, and proceedings of the district court were in the custody of the court clerk, and the necessity for the certificate required no longer obtained. The order of the court transferring the cause ipso facto operated as a transfer, and the certificate of the clerk of the district court, therefore, was not necessary to give the county court jurisdiction.

On the second contention of plaintiff in error, that there was an unlawful search, an examination of the record discloses that the sheriff or his deputies went to the house, which had a short time before been used by the plaintiff in error as a residence, with some legal process to close said house, and while there discovered

a cache of whisky. Upon the trial of the case the whisky was not offered in evidence, and no objection to the testimony of the officers was made on the ground of unlawful search. The counsel for plaintiff in error in cross-examination went into the evidence in reference to the discovery of the whisky fully, and in the motion for a new trial no suggestion of an unlawful search is presented. We believe that if the evidence was prejudicial to the plaintiff in error, the objection has been waived.

Finding no error in the record that would warrant this court in disturbing the verdict and judgment, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.