## CLEO POLOUS v. THE STATE.

No. 14206.   Delivered March 18, 1931.

The opinion states the case.

*Phillips & Mandell,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is adultery; the punishment, a fine of one hundred dollars.

In the first count in the information, appellant was charged with the offense of adultery with Raymond Hixen, a married man, by the parties living together and having carnal intercourse with one another. In the second count it was alleged that appellant committed the offense of adultery with Raymond Hixen by having habitual carnal intercourse with him. Both counts were submitted to the jury. Appellant was convicted under the first count. Hence it is unnecessary to discuss the motion to quash the second count.

Appellant contends that the evidence is insufficient to support the conviction. The testimony on the part of the state was to the effect that Raymond Hixen, who had a wife then living, had lived in appellant's home for several weeks; that on one occasion appellant and Hixen were seen in the same bed, Hixen being on top of appellant; that on a second occasion they were discovered in the same bed with the cover pulled up over them; that after complaint had been filed against appellant, she went to a city in another state and that Hixen was in said city at the same time, where the parties met. Appellant admitted that Hixen resided in her home, but testified that she permitted him to sleep in a room separate and apart from hers while he was working for her in her store. Appellant did not testify that Hixen paid her board, but a witness for appellant, without objection on the part of the State, testified that Hixen had told him that he paid appellant board.

We think the testimony is sufficient to show that appellant and Hixen lived together. It was not necessary that they live together as man and wife. It was only necessary that they live together and have sexual intercourse. Shaw v. State, 49 Texas Crim. Rep., 379, 91 S. W., 1087. The term "living together" as used in the statute defining adultery, has been held to mean that the parties must dwell or reside together—abide together in the same habitation as a common or joint residing place. Bird v. State, 27 Texas App., 635, 11 S. W., 641. We are also of the opinion that the evidence is sufficient to show that appellant and Hixen engaged in acts of sexual intercourse. Carnal intercourse can be proved circumstantially. Counts v. State, 49 Texas Crim. Rep., 329, 94 S. W., 220.

It appears from bill of exception No. 2 that one of the witnesses for the State who had been placed under the rule with the other witnesses remained in the court room and heard all of the evidence. offered by the State and appellant. Thereafter this witness was called to testify for the state. It is . recited in the bill of exception that she

testified against appellant. Appellant objected on the ground that the witness had violated the rule. The objection was overruled and the witness was permitted to testify. The bill of exception fails to set out the testimony given by the witness. We are unable to determine from the bill whether the trial judge abused the discretion with which he was vested in permitting the witness to testify. In his Annotated Penal Code, Sec. 344, Mr. Branch states the rule as follows: "The admissibility of witnesses who have violated the rule, or who have not been placed under the rule, is a matter addressed to the sound discretion of the court, and, until the contrary appears, it will be presumed on appeal that such discretion was properly exercised." Among the cases cited in support of the text are Cook v. State, 30 Texas Crim. Rep., 607, 18 S. W., 412; Rambo v. State (Texas Crim. App.), 69 S. W., 163. The object in placing witnesses under the rule is to prevent one witness from being influenced by the testimony of another witness. Blackwell v. State, 29 Texas App., 194, 15 S. W., 597; Cook v. State, supra. It is further stated by Mr. Branch in his Annotated Penal Code, Sec. 344, as follows: "Where a witness had been in court while other witnesses testified, or by some omission had not been placed under the rule, the court may permit him to testify where the other witnesses did not testify on the point to which this witness was called." See Blackwell v. State, 29 Texas App., 194, 15 S. W., 597; Roberson v. State (Texas Crim. App.), 49 S. W., 398, 399.

A witness for the State, as shown in bill of exception No. 4, testified that she saw appellant and Raymond Hixen in bed together. Appellant objected to the testimony on the ground that it tended to show habitual carnal intercourse, and was not relevant to the charge in the first count that the parties lived together and had carnal intercourse. We deem it unnecessary to discuss the question attempted to be raised by the bill. The testimony was obviously admissible as a circumstance tending to show that the parties copulated.

Bill of exception No. 5 brings forward three requested charges appellant sought to have submitted to the jury. The bill is multifarious, and not entitled to consideration. If the bill should be considered, it is observed that the court properly declined to submit the charges to the jury.

Bill of exception No. 6 brings forward appellant's objection to the argument of the assistant district attorney, in which he, in substance, stated to the jury that they should not let the question of the amount of the fine involved worry them; that if appellant did not have any money, she should go to jail. The argument, if improper, was not calculated to bring about appellant's conviction. The minimum fine was assessed against her.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.